UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH LARON BROOKS,

    Petitioner,

vs.                                  Case No.:    3:16-cv-812-J-32JRK
                                                            3:09-cr-76-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Keith Laron Brooks's authorized second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion)[1] and Supporting Memorandum (Civ. Doc. 12, Memorandum). A jury found Petitioner guilty of being a felon in possession of a firearm. (Crim. Doc. 73, Jury Verdict). The Court determined that Petitioner was an armed career criminal and sentenced him to a term of 200 months in prison. (See Crim. Doc. 87, Judgment). The United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on direct appeal. United States v. Brooks, 426 F. App'x 878 (11th Cir. 2011). In 2012, Petitioner filed his first § 2255 motion, which the Court denied on the merits. Brooks v. United States, Case No. 3:12-cv-1266-J-32JRK, 2016 WL 99485

---

[1]    Citations to the record in the underlying criminal case, United States v. Keith Laron Brooks, No. 3:09-cr-76-J-32JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-812-J-32JRK, will be denoted as "Civ. Doc. __."

1

(M.D. Fla. Jan. 8, 2016). Afterward, on June 15, 2016, the Eleventh Circuit granted Petitioner's application to file a second or successive § 2255 motion in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Civ. Doc. 1-1, "SOS Order"). Petitioner raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the Supreme Court's decision in Johnson. The United States has responded (Civ. Doc. 13, Response), and Petitioner has replied (Civ. Doc. 14, Reply). Thus, the matter is ripe for review.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's § 2255 Motion is due to be dismissed.

## I.     The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

2

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." <u>United States v. Owens</u>, 672 F.3d 966, 968 (11th Cir. 2012).

In <u>Johnson v. United States</u>, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. <u>Id.</u> at 2563. Later, in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the Supreme Court held that <u>Johnson</u> applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on <u>Johnson</u>, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. <u>Beeman v. United States</u>, 871 F.3d 1215, 1220-22 (11th Cir. 2017), <u>cert. denied</u>, — S. Ct. —, 2019 WL 659904 (Feb. 19, 2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a <u>Johnson</u> violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by <u>Johnson</u>) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

3

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. A prisoner can prove that the sentencing court relied on the residual clause by pointing to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will "sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement," such as statements in the presentence investigation report (PSR) or concessions by the prosecutor that the elements clause and enumerated offense clause were inapplicable. Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

4

## II. Second or Successive § 2255 Motions

As noted above, this is Petitioner's second § 2255 motion. A prisoner may not file a second or successive § 2255 motion unless it is first

> certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id., § 2244(b)(3)(C).

In authorizing Petitioner to file a second § 2255 motion, the Eleventh Circuit determined he had made a prima facie showing that he might be eligible for relief under Johnson. (See Civ. Doc. 1-1 at 2). The court observed that "Brooks' sentence appears to be based in part on his previous conviction for robbery under Florida law," and that "[w]hether and when Florida robbery is a 'violent felony' in light of Johnson appears to be an open question in our court." (Id.) (citing Welch v. United States, 683 F.3d 1304, 1313 (11th Cir. 2012)). At the time the Eleventh Circuit issued this order, however, it had not yet decided United States v. Seabrooks, 839 F.3d 1326 (11th Cir. 2016), and United States v. Fritts, 841 F.3d 937 (11th Cir. 2016), both of which held

5

that Florida robbery is categorically a violent felony under the ACCA's elements clause. Nor had the United States Supreme Court decided Stokeling v. United States, 139 S. Ct. 544 (2019), which also held that Florida robbery categorically has as an element the use, attempted use, or threatened use of physical force against another person.

As the Eleventh Circuit noted in the SOS Order (Civ. Doc. 1-1), "nothing from our threshold determination here binds the District Court, which must decide every aspect of Brooks' petition 'fresh, or in the legal vernacular, de novo.'" (Civ. Doc. 1-1 at 2) (quoting Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007)). The Eleventh Circuit has emphasized that even after it authorizes a second or successive petition, the district court has an independent obligation to decide for itself whether the petition satisfies the gateway requirements of § 2255(h). Randolph v. United States, 904 F.3d 962, 965 (11th Cir. 2018); In re Moore, 830 F.3d 1268, 1271-72 (11th Cir. 2016); In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013). The court of appeals' authorization to file a second or successive § 2255 motion "does not conclusively resolve that § 2255(h) requirement issue," and the district court owes no deference to the court of appeals' threshold determination. In re Moore, 830 F.3d at 1271 (citing Jordan, 485 F.3d at 1357). Rather, "once the prisoner files his authorized § 2255 motion in the district court, 'the district court not only can, but must, determine for itself whether those [§ 2255(h)] requirements are met.'" Id. (emphasis added) (quoting Jordan, 485 F.3d at 1357). "If the motion meets those requirements, the district court has jurisdiction to decide whether any relief is due under the motion; if the motion does

6

not meet the § 2255(h) requirements, the court lacks jurisdiction to decide whether the motion has any merit." Randolph, 904 F.3d at 964.

Here, Petitioner cannot satisfy the gateway requirements of § 2255(h) for two reasons. First, in light of intervening decisions, Petitioner has not shown that his second § 2255 motion relies on the new rule of constitutional law announced in Johnson, 135 S. Ct. 2551. Since the Eleventh Circuit authorized Petitioner to file the second-or-successive § 2255 motion, the United States Supreme Court and the Eleventh Circuit have held that Florida robbery is categorically a violent felony under the ACCA's elements clause. Stokeling, 139 S. Ct. at 554-55; Fritts, 841 F.3d at 939-44; Seabrooks, 839 F.3d at 1338-45. Petitioner's robbery conviction was the only ACCA predicate that the Eleventh Circuit identified as potentially being affected by Johnson. (See Civ. Doc. 1-1 at 2). But now that it is clear that Florida robbery does not implicate the residual clause, it is equally clear that Johnson does not invalidate Petitioner's ACCA sentence. Petitioner has two other prior convictions that also qualify as ACCA predicates without the residual clause (and which the Eleventh Circuit did not express concern about in the SOS order). One is for the sale or delivery of cocaine (PSR at ¶¶ 6, 47), which is a serious drug offense. See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (conviction for the sale of cocaine under § 893.13, Fla. Stat., is a serious drug offense). The other is for aggravated battery (PSR at ¶ 43), where the undisputed facts establish that the conviction was based upon intentionally causing great bodily harm, permanent disability, or permanent disfigurement or using a

7

deadly weapon, either of which is a violent felony under the elements clause.² <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1341 (11th Cir. 2013), <u>abrogated on other grounds by</u> <u>Johnson</u>, 135 S. Ct. 2551. <u>See also</u> <u>United States v. Golden</u>, 854 F.3d 1256, 1257 (11th Cir. 2017) (<u>Turner</u> remains binding precedent). Therefore, on its face, Petitioner's ACCA sentence does not depend on the residual clause, so <u>Johnson</u> does not apply to him.

Second, Petitioner's successive § 2255 motion does not satisfy § 2255(h)(2) because the <u>Johnson</u> claim is repetitious of a claim this Court previously rejected. In the first § 2255 case, Petitioner filed a motion to supplement in which he argued that his ACCA sentence was invalid based on <u>Johnson</u>. Case No. 3:12-cv-1266-J-32JRK, Dkt. Entry 43. The Court considered the <u>Johnson</u> claim but rejected it on the merits because Petitioner has three ACCA-qualifying convictions even without the residual

---

² A person commits aggravated battery by committing battery and (1) knowingly or intentionally causing great bodily harm, permanent disability, or permanent disfigurement, or (2) using a deadly weapon. § 784.045(1)(a)(1)-(2), Fla. Stat. A person might also commit aggravated battery by committing simple battery upon a pregnant woman. § 784.045(1)(b), Fla. Stat. The first two forms of aggravated battery are categorically violent felonies under the ACCA's elements clause, but the last one is not. <u>Dixon v. United States</u>, 588 F. App'x 918, 922 (11th Cir. 2014).
  Petitioner did not object to the facts in the PSR or the basis for the ACCA enhancement. (Crim. Doc. 96, Sentencing Transcript at 2-4). As such, the Court may consider the PSR's uncontested facts in determining the nature of the aggravated battery conviction. <u>See</u> <u>United States v. Beckles</u>, 565 F.3d 832, 843-44 (11th Cir. 2009); <u>United States v. Bennett</u>, 472 F.3d 825, 832-34 (11th Cir. 2006).
  According to the PSR, Petitioner and four other individuals went to a cookout and beat several of the guests with pipes and shovels. (PSR at ¶ 43). One of the guests, a female victim, died as a result. (<u>Id.</u>). There is no indication that the female victim was pregnant. Thus, the Court can rule out the possibility that the aggravated battery conviction was for committing simple battery on a pregnant woman. Rather, the conviction must have been based on "causing great bodily harm, permanent disability, or permanent disfigurement" or using a deadly weapon.

8

clause. Id., Dkt. Entry 44 at 39-42 & n. 12-14.

This case is therefore nearly identical to Randolph, 904 F.3d 962. In Randolph, like here, the Eleventh Circuit granted the prisoner's application to file a second or successive § 2255 motion based on Johnson. Id. at 963. The district court then dismissed the second § 2255 motion as repetitious because it had rejected the prisoner's Johnson claim in the first § 2255 case (where the prisoner had also raised the claim via motion to supplement). Id. The Eleventh Circuit held that "[t]he district court was correct to dismiss Randolph's second motion because the claim it presented had also been presented in the first motion." Id. at 964 (citing 28 U.S.C. § 2244(b)(1)). As the Eleventh Circuit explained, §§ 2244(b)(1) and 2255(h) prohibit a prisoner from pursuing a claim in a second or successive motion that was rejected in the first motion. Id. (citing, inter alia, In re Bradford, 830 F.3d 1273, 1275-76 (11th Cir. 2016); In re Jones, 830 F.3d 1295, 1297 (11th Cir. 2016)). Moreover, § 2255(h)(2) requires that a claim be "previously unavailable," "but the fact that Randolph had presented the claim in the first motion necessarily means it was available to him then, which rules out it being 'previously unavailable.'" Id. Likewise, here Petitioner's Johnson claim is repetitious because the Court rejected it in the first § 2255 case. Moreover, the Johnson claim was not "previously unavailable" as required by § 2255(h)(2) because Petitioner was able to raise the claim in the first § 2255 proceeding.

Thus the Court finds that Petitioner's second § 2255 motion does not satisfy the gateway requirements of § 2255(h)(2). The new rule of constitutional law announced in Johnson does not apply to Petitioner because his ACCA sentence does not depend

9

on the residual clause. Additionally, the Johnson claim was previously raised and resolved against Petitioner in the first § 2255 case, so the claim was not "previously unavailable." 28 U.S.C. § 2255(h)(2). Because "the motion does not meet the § 2255(h) requirements, the court lacks jurisdiction to decide whether the motion has any merit." Randolph, 904 F.3d at 964.

### III. Conclusion

Because the Court lacks jurisdiction over the merits of Petitioner's second § 2255 motion, the motion is due to be dismissed. Therefore, in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Keith Laron Brooks's Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED** for lack of jurisdiction under 28 U.S.C. § 2255(h).
2. The Clerk should term any pending motions and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of March, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner